## THE PEOPLE vs. FREDERICK FITCH.

Where an order for the delivery of goods was accepted and paid, and returned to the drawer, and the date of it subsequently altered by him; such alteration was holden not to be forgery at common law, although manifestly done with a fraudulent intent. To constitute forgery in such case, the act must have a tendency to effectuate the intended fraud. An order satisfied by the delivery of the goods, in the hands of the drawer in legal acceptation is no instrument, and an alteration of its date is no *false* making; it is what it purports to be.

THE defendant was convicted at the Genesee oyer and terminer in April last, of forgery at common law. The judgment was suspended, that the opinion of this court might be obtained as to the legality of the conviction. The indictment contained two counts; the first charging the defendant with forging an order for the delivery of goods, to wit, an order drawn by the defendant on one Kellogg, for a cow to be delivered to one Bangs, bearing date the 14th November, 1823; the second charging the uttering and publishing of the same order as true, with intent to defraud Bangs, &c.

The evidence in the case is as follows: On the 4th November, 1823, on a settlement of accounts between the defendant and Bangs, the defendant being found to be indebted to Bangs, he gave Bangs an order on Kellogg for a cow, and made to him his note for $12, and the parties exchanged receipts. On the 7th November, Bangs presented the order, received the cow, and delivered the order to Kellogg. Subsequently, on a settlement between the defendant and Kellogg, the defendant took up the order. In March, 1825, on being pressed for payment of the note, the defendant told Bangs, *he had a little bit of an order to set off against the note.* Bangs sued the defendant for the recovery of the note, and the defendant in his defence, set off an order, and on the trial of the cause, produced the order which he had drawn on Kellogg, on which the cow had been received by Bangs, with the date altered from the 4th to the 14th November, 1823. On an opinion being expressed by those present that the date had been altered, the defendant withdrew the order, and the plaintiff discontinued his suit. Subsequently, a suit was commenced by Fitch against Bangs before a justice, in which he claimed to recover $15, the price of the cow delivered by Kellogg on his order to Bangs. Bangs set off the note of $12, and on the trial, Fitch proved the delivery of the cow, but did not produce the order, and the jus-

tice rendered judgment in his favor for $3, the balance after deducting the amount of the note.

The judge charged the jury, that the order having performed its office, it was *functus officio,* and the subsequent alteration for the purpose of defence to the note, did not constitute the offence of forgery within the statute. If, however, they found the fact of alteration, they might find the defendant guilty at common law. The jury found the defendant guilty under the first count of the indictment of altering the order from the 4th the 14th November, with intent to defraud Bangs, and not guilty of the charge in the second count of uttering and publishing, &c. The case was submitted on briefs.

*L. Rumsey,* district attorney. For definitions of the offence of forgery, see 2 *East's P. C.* 852 ; 3 *Chitty's C. L.* 780. This is an order for the delivery of goods within the statute. (5 *Johns. R.* 236.) Proof of the alteration of an instrument in a material part, will support an indictment for forging the whole instrument. (2 *East's P. C.* 979. *Archb.* 189. 3 *Chitty's C. L.* 799.) It is not necessary to shew that a fraud was perpetrated ; it is sufficient to shew the intent. (*Archb.* 192. *East's C. L.* 854, 5. 3 *Chitty's C. L.* 199.) Forgery may be committed by a party making a deed in his own name, or so altering a paper as to make the act appear to have been done when it was not done. (2 *East's P. C.* 855. *McNally's Ev.* 439.) If the defendant is not guilty under the statute, he is at common law. (1 *Chitty's C. L.* 233.)

*H. J. Redfield,* for the defendant. Forgery at common law, is the fraudulent making and alteration of a writing to the prejudice of another man's right. (4 *Black. Comm.* 245. *East's C. L.* 840.) Though it is no longer necessary to constitute the offence, that some one should actually receive prejudice, still the act must be such as that *another may be prejudiced.* (*East's C. L.* 840, 861. 2 *Ld. Raymond,* 1461.) It is not forgery for one to alter a paper which injures himself only. (*Salk.* 375, *Rex* v. *Knight.*) The alteration in this case did injury to no one ; it was impossible that any

The People
v.
Fitch.

one could be injured by it, unless it might be the defendant himself. It could not be of any use in defence of the action on the note, and in proof of the set off, the order itself proved nothing. The proof of a delivery of a cow on the 7th November, would not give the defendant a claim under an order of the date of the 14th November. To give value to such order, it was necessary to have shewn that it had been accepted and paid. The defendant had a right to alter, or destroy the order; it was *functus officio.* Had he uttered it after the alteration for the purposes of fraud, he should have been indicted for such offence. The jury have acquitted him of the offence of uttering and publishing, and they have convicted him of altering a useless paper, his own property.

*By the Court*, SAVAGE, Ch. J. Is this forgery? Forgery has often been defined by learned jurists. By Mr. Justice Blackstone, "forgery is the fraudulent making or alteration of a writing, to the prejudice of another's right:" by Buller, justice, "the making a false instrument with intent to deceive:" by Baron Eyre, "a false signature with intent to deceive." Again; "the false making an instrument which purports, on the face of it, to be good and valid for the purposes for which it was created, with a design to defraud:" by Grose, justice, "the false making a note or other instrument with intent to defraud:" by Mr. East, "the false making of any written instrument, for the purpose of fraud and deceit:" (2 *E. P. C.* 852, 3 :) by Mr. Chitty, "the false making or alteration of such writings as either at common law or by statute are its objects, with intent to defraud another." (3 *Chitty's Cr. L* 1022.) This writer notices a distinction between forgery and fraud; that the latter must actually take effect, while the former is complete, though no one is actually injured if the tendency and intent to defraud be manifest. As to what false making is necessary to constitute the offence, it has been held that a party may make a false deed in his own name, by antedating for instance, so as to prejudice a prior grantee. So by endorsing a bill of exchange in his own name, when he is not the real payee. (2 *E. P. C.* 855. 4 *T. R.* 28.) On this principle, we held Peacock guilty

UTICA,
Aug. 1828.
The People
v.
Fitch.

of forgery, for endorsing the permit for the delivery of a quantity of coal with his own name, knowing that he was not the real consignee of the coal, though of the same name. (6 *Cowen*, 72.) So making a fraudulent alteration or erasure in any material part of a true instrument, or any alteration which gives it a new operation, as by altering the date of a bill of exchange after acceptance, whereby the payment was accelerated. (4 *T. R*. 320. 3 *Ch. Cr. L*. 1038. 2 *East's P. C*. 855.)

As to what shall be considered a warrant or order under the statute, the document forged must be such as appears to give to the bearer a disposing power over the property which he demands : it must assume to transfer the right, at least, of the custody of the goods to the offender. (3 *Ch. Cr. L*. 1033.)

Such are the principles applicable to cases of forgery of the description of the present. This is not like the case of the bill of exchange, with the date altered after acceptance and before payment. Here the order was paid. Suppose a bill of exchange or promissory note, paid and taken up by the maker, who then, for purposes of fraud, alters the date, would such alteration constitute forgery ? Suppose the defendant in this case, instead of prefixing the figure 1 to the figure 4, in the date of the order which had been paid and taken up, had drawn an entire new order of the date of the 14th November, would that have been forgery ? Here was no intermeddling with an instrument, the property of another. Here was no use of the name of another. Here was, indeed, a fraudulent intent ; but in the act of altering the date, or drawing a new order of his own, there was no necessary tendency to fraud. The order was not at all necessary to aid in the perpetration of the fraud which the defendant contemplated, and which he effected without the order. The paper in his own hands could have no effect, and was no evidence in his defence to the action on the note ; and had he produced the witness to prove the delivery of the cow under it, that witness must have falsified the order and defeated the fraud. It is not necessary, however, that fraud should be perpetrated to constitute this offence. An intent is sufficient, with a tendency to effectuate fraud. My objections to this conviction are, 1. That this paper, after it was delivered

UTICA,
Aug. 1828.

up to the defendant, was no instrument at all in the legal acceptation of the term ; 2. There was no false making. The order purported to be drawn by the defendant, and it was so drawn. It purported to be dated the 14th November, and it was so dated. And 3. The order had no tendency to aid in the fraud. I am, therefore, of opinion that the court of oyer and terminer be advised to arrest the judgment.