By the Court, Nelson, Ch. J.
It is quite clear that the act ■charged is not an offence within any of the provisions of the statute against forgery. The counsel for the people suggested on the argument that the case might be brought within 2 FI. S. 673, § 33, sub. 2, which declares it forgery in the third degree to alter an instrument or writing by which rights or property shall be or purport to be affected, with intent to defraud. But it is manifest that a notice of executing a writ of inquiry is not such an instrument as this provision contemplates.
Then, does the case presented by the indictment amount to forgery at common law? I think not. It may indeed be brought within some of the usual common law definitions of the offence, if we are at liberty to aid the prosecutor by an enlarged construction ; but this is not allowable.
Forgery is said to be “ the fraudulent making or alteration of a writing to the prejudice of another’s right”—“ the making of a false instrument with intent to deceive” &c. Now it was urged in the present case that the fraudulent intent consisted in a design to have the inquest set aside for irregularity, on the ground that the notice was short. This argument, however, rests upon mere conjecture; for the act charged had no tendency to produce any such result. In The People v. Fitch, (1 Wend. 198,) the defendant was indicted for forging an order drawn by himself. On the trial, it appeared that the order had been paid by the acceptor, who returned it to the defendant, and he afterwards altered the date, with intent to defraud the payee. The court held that the alteration had no legal tendency to injure the payee; in other words, that the intnet to defraud was not sufficiently manifest from the act charged. (See also The People v. Stearns, 21 Wend. 409, 414, 415.)
I think the present case is within the same principle; and that the tendency and intent to do the wrong apprehended are too remote and conjectural to constitute the offence of forgery.
Judgment affirmed.