The People *v.* Harrison.

---

SAME TERM.    *Before the same Justices.*

## THE PEOPLE *vs.* HARRISON.

A written instrument, to be the subject of indictment for forgery, must be valid if genuine, for the purpose intended. If void, or invalid on its face, and it can not be made good by averment, the crime of forgery can not be predicated upon it. Accordingly *held* that an indictment would not lie for forging a certificate of acknowledgment of a deed, which certificate did not state that the grantor *acknowledged the execution of the conveyance.*

. AT the oyer and terminer in Herkimer county in October, 1849, the defendant was convicted of the crime of forgery in the third degree. The forged instrument was a certificate of acknowledgment of the conveyance of real estate as follows:

" Oneida county, ss. ˚ On this 3d day of December, 1845, before me appeared H. C. A. Harrison, of the town of Litchfield, Herkimer county, made known to be the party of the first part in the within deed, and known to me Chester Hayden, official commissioner of deeds in said county, to be the same person

who executed the same or within deed, and that the said Harrison executed the said deed as his voluntary act for the uses and purposes therein expressed.

.          (Signed)     CHESTER HAYDEN,

Acting commissioner of deeds."

The conveyance was executed by the defendant and purported to convey certain lands in the state of Michigan.   The certificate indorsed was proved to be in the hand-writing of, and forged by, the defendant.   The deed, executed in this manner, was delivered to the grantee, who paid the defendant the consideration for the purchase of the land.

A question was raised on the trial, as to whether the crime of forgery could be predicated on the certificate, on the ground of its invalidity if genuine, under the statute ; and the court charged the jury as matter of law, that if they were satisfied from the testimony that the defendant had delivered the deed with the certificate now upon it, to Eli H. Whitney, the grantee, as a valid deed and certificate of acknowledgment, knowing at the same time that the certificate was a forgery, he was guilty of forgery in the third degree as charged in the indictment.   The defendant's counsel excepted to the charge, and the jury found the defendant guilty of forgery in the third degree.   A motion was now made for a new trial, on a bill of exceptions.

*L. Ford,* for the defendant, presented the following points :
1. The certificate charged to have been forged by Harrison is not such a certificate as is required by the statute of the state of New-York.   (1 *R. S.* 756 *to* 759, §§ 1 *to* 15.·  *Rex* v. *Moffatt,* 2 *East. P. C.* 954.   *Case of Wall, Id.* 953.   *Rex* v. *Russell,* 1 *Leach,* 8.)   2. The deed being for lands in Michigan, the writing by the defendant upon the back of said deed of the certificate stated in the indictment was not a forgery under the provisions of the statutes of this state.   (2 *R. S.* 670, § 22, *sub.* 2 ; § 33, *sub.* 1.)   3. It does not appear, in the indictment or proof, that a certificate of this character is of any force in the state of Michigan.

*G. B. Judd,* (district attorney,) for the people, contended that the defendant was properly convicted; that the forged instrument *purported* to be a certificate of the acknowledgment of the execution of the deed, and that it is unnecessary to inquire as to the effect or validity of the certificate if genuine. He referred to 2 *R. S.* 673, § 33, *sub.* 1, *and last clause of sub.* 2; *Id.* 674, §§ 39, 40; 3 *Ch. Cr. L.* 1035 *to* 1039.

*By the Court,* HUBBARD, J. This certificate, if genuine, is clearly defective in form and substance under the statute. It does not set forth that the grantor *acknowledged the execution of the conveyance.* The defect is fatal to the validity of the certificate. The statute is imperative that the officer *shall* indorse a certificate setting forth among other things that the execution of the conveyance was duly acknowledged by the grantor. (2 *R. S.* 756, §§ 4, 15.) Without this requisite no record could be made, and at law no title would pass.

The question arising is whether the crime of forgery can be predicated upon such a certificate. I think it can not. The invalidity of the instrument is *apparent upon its face,* and to be the subject of indictment, the certificate should be so far perfect in form and substance as to be *valid if genuine.* It is not the falsity of the writing alone, but also its supposed fraudulent effect, which makes a forgery criminal. If the forged instrument is so obviously defective in its form as this is, the law will not presume that it can accomplish the fraud which is perhaps intended. The law presumes a competent knowledge to guard against any such effect, and that no person can be injured thereby in his *rights or property.* This certificate has doubtless been used to perpetrate a gross wrong upon the grantee named in the conveyance. He has been induced to accept the deed as valid, and to part with the purchase money for the land. It has been used as a *false token,* by which money has been fraudulently obtained; but the defendant has not been convicted under the statute in relation to cheats. If he had been, the conviction would have been good as well as merited. If the forgery, however, is not such as the law condemns as criminal,

it can not be made so by the want of *prudence* or *circumspection* on the part of the person actually defrauded.

The rule of law seems to be well settled both in our own courts and in those of England, that a writing void in itself and which can not be made good by averment, if it were genuine, is not the subject of forgery. The case of *The People* v. *Sholl,* (9 *Cowen,* 778,) is directly in point. The marginal note, which the facts of the case and the opinion of Cowen, circuit judge, fully sustains, is as follows: " The forgery of a writing purporting to be a mere naked promise to pay a sum of money in labor, expressing no consideration, and being connected with none by averments in the indictment, is not an indictable crime." In the case of *Galloway,* (17 *Wend.* 542,) the doctrine is held " that in prosecuting for forgery it is material that the instrument should not upon its face appear to be illegal or void." Galloway was indicted for having obtained the signature of his wife to a deed of certain land in this state whereof she was seised in her own right in fee, by the false pretense that it was a deed of lands belonging to him in the state of Illinois. The deed was executed by the wife but not acknowledged. The court held, on a bill of exceptions after conviction, that the defendant could not have been convicted of the offence of forgery, *if he had affixed the signature of his wife without authority ;* that the deed was *invalid,* for the want of a proper *acknowledgment.* And likening the statute in relation to false pretenses to that of forgery, it was held that the conviction was erroneous. Justice Bronson, in delivering the opinion of the court, says, "This statute, like that against forgery, was made to protect men in the enjoyment of their property ; and if the instrument obtained can by no possibility prejudice any one in relation to his estate, it will not be an offence within the statute."

There are a number of English cases clearly sustaining the same doctrine. (2 *East's P. C.* 883.) Jones was indicted for forging a bank note, and because it wanted certain statutory requisites to render it apparently valid, it was held that the indictment for forgery could not be sustained. So also in *Moffatt's case,* (2 *East's P. C.* 954,) the conviction was for uttering as

true a forged acceptance on a bill of exchange void by the statute. It was held that the conviction was wrong for the reason that had it been a genuine instrument, *it would have been absolutely void*, and nothing could have made it good. In 2 *East's P. C.* 953, Wall was indicted for the forgery of a will attested by only two witnesses, when the statute required three to make it valid. He was acquitted of the alledged crime, on that ground.

The authorities above cited, although there are others of the same import, are sufficient for the purposes of this case. There are no conflicting adjudications that I am aware of. The rule seems therefore firmly established, that a written instrument, to be the subject of indictment for forgery, must be valid if genuine, for the purpose intended ; if void or invalid on its face, and it can not be made good by averment, the crime of forgery can not be predicated upon it. The certificate in question is of this description. Its invalidity, if genuine, is apparent, and by no averment or proof could it be made a good certificate of acknowledgment for the conveyance of real estate under the statute.

It follows that the charge of the court to the jury on the trial was erroneous, and that a new trial must be granted.

---

SAME TERM.   *Before the same Justices.*