## STATE OF MINNESOTA

*vs.*

## FRANCIS T. WHEELER.

An indictment for the forgery of an "accountable receipt for personal property, viz.: an elevator ticket for wheat," alleged that the defendant "did falsely make, forge, alter and counterfeit a certain false, forged, altered and counterfeited accountable receipt for personal property, viz.:

State of Minnesota v. Wheeler.

an elevator ticket for wheat, which false, forged, altered and counter-feited accountable receipt for personal property, viz. : an elevator ticket for wheat, is of the tenor following that is to say : ' St. Paul and Sioux City Elevator Co., St. Peter, * * * * Received of J. S. load No. 20, ticket No. 2402, account of W. B. N. or bearer, No. 1 wheat, 84 5-60 bushels.                                            M. GOOD, Inspector,' with intent thereby then and there to injure and defraud, contrary to the form of the statute," &c., &c.    *Held*, that inasmuch as no connection be-tween the subscriber of the instrument and said elevator company ap-peared on the face thereof; as it cannot be intended, in support of the indictment, that "M. Good, Inspector," was an agent of the company, the indictment presents the case of an accountable receipt, not purport-ing to be signed by any authorized agent of the company and not on its face of any apparant legal effect; and there being no averment in the in-dictment of any connection between said subscriber and said company, which would give it such effect, the indictment was insufficient.

The defendant was arraigned in the district court for Nicollet county upon an indictment charging that, at a time and place therein mentioned, he " did falsely make, forge, alter and counterfeit a certain false, forged, altered and counterfeited accountable receipt for personal property, to-wit : an elevator ticket for wheat ; which false, forged, altered and counterfeited accountable receipt for personal property, to-wit : an elevator ticket for wheat, is of the tenor following, that is to say

| "The wheat named herein to be held at risk of owner for loss or damage from fire lightning or heating. | ST. PAUL & SIOUX CITY ELEVATOR COMPANY. ST. PETER 9 mo 29 day 1871 Received of J. Simmons Mornoka Load No 20 ticket No 2402 account of W. B. N. or Bearer No 1 Wheat Bin No 7 No 84 05-60 bushels                M Good Inspector " |
|---|---|
| | " To be endorsed by the party to whom paid " |

with intent thereby then and there to injure and defraud, con-trary to the form of the statute, &c."

To this indictment the defendant demurred; but his demurrer was overruled, and he was tried and convicted. A motion in arrest of judgment was likewise overruled and the defendant was sentenced to imprisonment at hard labor for two years. The case comes to this court upon writ of error.

E. ST. JULIEN COX, for Plaintiff in Error.

F. R. E. CORNELL, Attorney General.

*By the Court.*—RIPLEY, CH. J.—As an instrument, to be the subject of an indictment for forgery, must either appear on its face to be, or be in fact, one which, if true, would possess some legal validity; (2 *Bish. Cr. L., sec.* 503,) so, if it do not so appear on the face of the instrument set out in the indictment, facts must be averred, which will enable the court to see, that, if it were genuine, it would possess such validity. 2 *Bish. Cr. L. sec.* 512, 513; *People vs. Shall,* 9 *Cowen,* 778; *People vs. Harrison,* 8 *Barb.* 560; *Com. vs. Ray,* 3 *Gray,* 441; 2 *Russell on Crimes,* 374; *Rex vs. Wilcox, Russ & Ry.* 50.

Tried by this rule, this indictment is insufficient. It is found under *Gen. Stat. ch.* 96, *sec.* 1: "Whoever falsely * * forges any * * * accountable receipt for money, goods or other property, with intent to injure or defraud any person, shall be punished, &c."

The instrument set out purports to be a statement by "M. Good, Inspector," that the St. Paul and Sioux City Elevator Company had received at St. Peter eighty-four bushels and five pounds of number one wheat for account of W. B. N. or bearer.

It is said by the defendant in error that the legal effect of this kind of instrument is to entitle the innocent holder for

value to that number of bushels of No. 1 wheat on presentation to the St. Paul and Sioux City Elevator Company.

Suppose that it is, how does that appear on the face of this instrument?

In point of fact it does not *purport* to be signed on behalf of the company.

The addition of "*inspector*" after the name of the subscriber does not indicate, in *itself*, the existence of any relation whatever between himself and the company, much less of any such relation as would in itself import any authority on his part to act for it.

It is said by the defendant in error that it is apparent from the mere inspection of the paper, and from the known way in which that kind of paper is used in business matters, that it is possible that this instrument could be used to defraud.

That is to say—to make this indictment good, the way in which such a paper is used in business matters must be known; but that is something of which the court cannot take notice. It is a fact to be proved.

If the St. Paul and Sioux City Elevator Co., whether it be a corporation, or a firm, or an individual doing business under that name, receives wheat and gives its obligation to account therefor to any one or in any way, signed by its agent, it is good against it, and any forgery of such obligation would be indictable; and an indictment, setting out such forged instrument, would be good without extrinsic averment.

But the company would not be bound by such an instrument signed by a mere stranger. Therefore, if no connection between the company and the subscriber of the instrument appear on its face, such connection must be averred.

It cannot be intended, in support of the indictment, that "M. Good, Inspector," was an agent of the company. The paper must purport on its face to be good and valid for the

purpose for which it was created. This does not, no' connection appearing between the company and the signer of the instrument.

. A statement by a stranger that the company had received said wheat for said purpose, would, as already remarked, of itself import no legal liability on the part of the company. Nor would it import any on the part of such stranger.

A note, purporting to be the note of the elevator company, and signed " M. Good, Inspector," would no more import validity of itself, than the note in the case of the *People vs. Shall*, already cited, which was payable in work, and did not purport to be for value, " though in coupling a genuine note like it with a consideration, a cause of action would be made."

So, here, in coupling such an instrument as the one before us with the fact of an authority in " M. Good, Inspector," to issue it, a liability in the company would appear.

Herein is the distinction between this case and that of the *People vs. Stearns*, 21 *Wendell*, 409, cited by the defendant in error.

The New York statute provided that " the counterfeiting, with intent to injure or defraud, of any instrument · or writing, being or *purporting* to be the act of another, by which any rights or property whatever, shall be, or purport to be, in any manner, affected, by which any person *may be affected* or *in any way injured* in his person or property, shall be forgery in the third degree."

The following was held to be within the statute : "To the cashier of the Union Bank :—Sir : Please deliver to Messrs. Burton, Gurley & Edmonds the plates of our bank, and receive them again on deposit, and oblige your obedient servant. G. C. Gwathmay, cashier. Bank of Kentucky, Louisville, Dec. 20, 1857," without any extrinsic averment in the indictment that G. C. Gwathmay had authority to make such order,

or that the cashier of the Union Bank had any control over the plates." "It seems difficult," says Cowen, J., in delivering the opinion of the court, "to mistake the apparent import of the instrument in question. It purported to be an order from an officer representing the Bank of Kentucky, duly empowered to make it, which order was directed to another, purporting to be the depository, and desiring him to deliver the plates of the bank."

It appeared therefore that, from the language of the instrument itself, it *might* have the effect to defraud.

The case at bar is of an accountable receipt, *not* purporting to be signed by an officer of the elevator company duly empowered to sign it. It is not on the face of the instrument of any apparent legal effect. *People vs. Shall, supra.*

The demurrer should have been sustained. The judgment of the district court is reversed.