REED *v.* THE STATE.

FORGERY.—INDICTMENT.—An indictment for forgery must show that the instrument of which the forgery is predicated is such, on its face, as is naturally calculated to have some effect, or if that be not the case, then extrinsic matter must be averred, so that the court may judicially see its fraudulent tendency.

SAME.—An indictment for forging a certificate purporting to be signed by a mustering officer of the *United States,* and certifying that a certain person named had been mustered into the military service of the *United States* and credited to *Allen* county, and that said soldier was entitled to a bounty which had been voted by the county board, was held to be bad, because, at the time of the alleged forgery, the appropriation of money for bounties was illegal and void, and no extrinsic facts were averred showing the fraudulent tendency of the certificate.

APPEAL from the *Allen* Criminal Circuit Court.

GREGORY, J.—*Reed* was indicted in the court below for forgery. The indictment was in two counts. The defendant moved to quash each count. The motion was overruled. Plea, not guilty. Trial by jury. The jury found the defendant not guilty, as charged in the first count, and guilty, as charged in the second, fixing his punishment. Motion in arrest overruled, and final judgment rendered.

The only question presented is as to the sufficiency of the second count of the indictment. That count is as follows:

"And the grand jurors aforesaid, upon their oaths aforesaid, further charge and present, that said *William J. Reed* afterwards, to-wit, on the day and year aforesaid, at the county aforesaid, unlawfully and feloniously did utter and publish as true, a certain other false, forged and counterfeit instrument in writing, to-wit, a certain other instrument in writing, purporting to be a certificate of muster, and to be signed by *Hiram Iddings,* a mustering officer, which said last mentioned false, forged and counterfeit instrument is in the words and figures following, to-wit:

'VOLUNTEER BOUNTY,      }
'*Fort Wayne, Ind., November* 26th, 1864. }
' This to certify that *Samuel Allen* was this day mustered into the service of the *United States,* for the term of one year from the date hereof, as a volunteer, and credited to *Allen* county, *Indiana,* and *Samuel Allen* is therefore entitled to a bounty of $300, as provided by the order of the county commissioners of *Allen* county, passed *September* 28th, 1864, and amended *October* 8th and *November* 19th, 1864.

'HIRAM IDDINGS,
'*Mustering Officer,'*
with intent then and there to defraud *George F. Stinchcomb,* he, the said *William J. Reed,* then and there, at the time he so uttered and published the said last mentioned instrument in writing, as aforesaid, well knowing the same to be false, forged and counterfeit; and the said grand jurors, upon their oaths aforesaid, further say that the said *William J. Reed,* after he committed said offense as aforesaid, to-wit, on the 17th day of *January,* in the year 1865, left the State of *Indiana,* and was absent from said State for the space of two years and two months thereafter, to-wit, from thence until the 17th day of *March,* in the year 1867."

The certificate, so far as it purports to be an instrument entitling *Allen* to the bounty named therein, was, at the time charged, utterly void. There was no law authorizing the giving of bounties by county commissioners. *Oliver* v. *Keightley,* 24 Ind. 514; *King* v. *Course et al.,* 25 Ind. 202. The legalizing act was not passed until *March* 3d, 1865. Every one is presumed to know the law. Officers acting under an official oath are presumed to do their duty. The order of the county commissioners referred to in the certificate was void. "Void things are no things." The indictment must show the forgery of an instrument which appears on its face naturally calculated to have some effect, or, if it be not sufficient for that purpose, extrinsic matter must be averred, so that the court may judicially see its fraudulent tendency.

In *The People* v. *Stearns*, 21 Wend. 409, COWEN, J., in speaking for the court, says: "A writing void on its face (for instance, an unattested will of land, or a *nude pact*), is a familiar instance of paper in respect to which forgery cannot be predicated without the averment of some extrinsic circumstances showing how it may become pernicious. *The People* v. *Shall*, 9 Cow. 778, and the cases there cited; *The State* v. *Smith*, 8 Yerg. 150; *Price* v. *The State*, 1 *id.* 432; *The State* v. *Bourden*, 2 Dev. 443; *The State* v. *Greenlee*, 1 *id.* 543; *The State* v. *Dalton*, 2 Murph. 379; *Rex* v. *Wilcox*, Russ. & Ry. Cr. Cas. 50. This is on the presumption that every man knows the law, and is able to appreciate the legal effect of the instrument. Therefore, it cannot, in legal contemplation, defraud any one. The settled common law rule is stated by Mr. *Hammond*, in his Digest of the Law of Forgery, c. 1, § 2, pl. 102, to be, 'that how clear soever the fraudulent purpose, unless the writing is sufficient to accomplish that purpose, it is not forgery, since, with a single exception, actions only, and not evil intentions, are punishable by the *English* law, and actions only which actually do, or possibly may, produce injustice.' *Rex* v. *Knight*, 1 Ld. Raym. 527; 1 Salk. 375; 3 *id.* 186; *Rex* v. *Ward*, Ld. Raym. 1461; Str. 747."

The certificate on its face shows that *Samuel Allen* was mustered into the service of the *United States* by *Hiram Iddings*, a mustering officer of the government; that the county commissioners of *Allen* county had provided a bounty of $300, by an order passed *September* 28th, 1864, and amended *October* 8th and *November* 19th, 1864, and that *Allen* was entitled to that bounty; but it does not show that the county officers, in violation of their official duty, were paying out money under the order. The legal presumption is that this order was treated as a nullity. That presumption, we think, must be overcome by averments in the indictment; and, even then, it is difficult to see how *Stinchcomb* could be defrauded, in the absence of averments in some way connecting him with the transaction. It is hard

to see how a void thing could have a market value. It is not apparent that the certified fact that *Allen* was mustered into the service of the *United States* would operate as a fraud on any one; the government alone could be injured by such a certificate. It would be no injury to *Allen* county to get a credit for a man never put into the service.

We think the court below erred in overruling the motion to quash the second count of the indictment.

The judgment is reversed, and the cause remanded, with directions to sustain the motion to quash the second count of the indictment.

*J. R. Coffroth,* for appellant.

*D. E. Williamson,* Attorney General, for the State.