## COPPACK *v.* THE STATE.

CRIMINAL LAW.—*Indictment.—Perjury.*—Where an indictment for perjury did not purport to set forth a copy of an affidavit in the making of which the perjury was charged to have been committed, or of any part thereof, or set out the tenor of such affidavit in whole or in part, but only set out the substance thereof;

*Held,* that the indictment was, for this reason, fatally defective, and should have been quashed on motion.

APPEAL from the Hamilton Circuit Court.

WORDEN, C. J.—The appellant was indicted for perjury. Motion to quash overruled, and exception. The appellant was tried, convicted, and over a motion in arrest of judgment, sent to the penitentiary for the term of two years.

The indictment was based upon an affidavit charged to have been made by the defendant, in the name of John Reagan, before the deputy clerk of Hamilton county, for the purpose of procuring a marriage license.

The indictment does not purport to set forth a copy of the affidavit or of any part of it; nor does it set out the tenor of the affidavit, in whole or in part, but only the substance thereof.

We are of opinion that the indictment, for this reason, was fatally defective and should have been quashed.

In 2 Bishop Crim. Proced., sec. 845, the author sets out one of Archbold's forms for an indictment for perjury in an affidavit to hold to bail. He proceeds in the following section

as follows: "Here, the reader perceives, the perjury consisted in a false affidavit, which was in writing. The substance, not the tenor, of the writing is given. The indictment complies, in this respect, with the statute of 23 Geo. 2. But, on principle, the gist of the offence of this particular perjury seems to consist of the false words of the writing; the same as would the offence of libel, if the words were libellous and the indictment were for the libel. Therefore, in the former case, they should be set out according to their tenor, the same as in the latter."

Our statute, as we think, fully adopts the principle above mentioned. It provides, that "in indictments for perjury in swearing to any written instrument, it shall only be necessary to set forth that part of the instrument alleged to have been falsely sworn to, and to negative the same, with the name of the officer or court before whom the instrument was sworn to." 2 G. & H. 452, sec. 44. This provision requires that part, and that part only, of the written instrument alleged to have been falsely sworn to, to be set forth. An instrument, or a part of it, cannot be "set forth" in any other way than to give the tenor thereof, or, in other words, an exact copy. In forgery it is held necessary to give the tenor of the instrument forged, in order that the court may see that it is one of those instruments, the false making or passing of which is punishable by law. *The State* v. *Atkins,* 5 Blackf. 458.

In cases of perjury committed in swearing to a written instrument, the necessity of setting out the tenor of the instrument, or of the part of it alleged to be false, is fully as great as in cases of forgery. It should be set out in order that the court may see that the language employed in the instrument bears the construction put upon it by the pleader in charging the perjury.

The judgment below is reversed, and the cause remanded, with instructions to the court below to quash the indictment. And it is further ordered that the appellant be returned to

the jailer of Hamilton county to abide the order of the court below.

T. J. Kane and A. F. Shirts, for appellant.

B. W. Hanna, Attorney General, and J. F. Elliott, for the State.