THE STATE *v.* COOK.

CRIMINAL LAW.—*Forgery.*—*Indictment.*—An indictment for forging or for knowingly uttering a counterfeited instrument of writing must set forth an exact copy of the instrument.

SAME.—An indictment for forgery must show that the instrument of which the forgery is predicated is such on its face as is naturally calculated to

The State *v.* Cook.

have some effect, or, if that be not so, extrinsic matter must be averred, so that the court may judicially see its fraudulent tendency.

SAME.—An indictment for forgery set out a copy of the instrument alleged to have been forged, as follows: "Trublood & Allen, Salem, Ind.: Please let Jim Cook" (the defendant) "have two dollars' worth on my credit. Fred. L. Prow, Salem."

*Held*, that this instrument, with the allegation that the drawees were in the grocery trade, did not support an averment in the indictment that it was "for the payment of money and delivery of grocery goods."

SAME.—An allegation in an indictment that the defendant forged a certain instrument is inconsistent with a subsequent allegation that he then and there knew said instrument was then and there false, forged, etc.

From the Washington Circuit Court.

*S. B. Voyles,* Prosecuting Attorney, for the State.

*T. L. Collins* and *A. B. Collins,* for appellee.

BUSKIRK, J.—The appellee was indicted for forgery. The court below quashed the indictment. The State appeals, and assigns for error the quashal of the indictment. The indictment, omitting the formal parts, is as follows:

" 1. The grand jurors within and for the county of Washington, and State of Indiana, present upon their oaths, that on the 3d day of May, A. D. 1875, at and within said county and State, Jim Cook did then and there unlawfully, feloniously and falsely forge and counterfeit a certain instrument in writing for the payment of money and delivery of grocery goods, which instrument in writing is in the words and figures following, to wit: 'Trublood & Allen, Salem, Ind.: Please let Jim Cook have two dollars' worth on my credit. Fred. L. Prow, Salem.' He, the said Jim Cook, then and there well knowing the said instrument in writing was then and there false, forged and counterfeited as aforesaid, with the felonious intent to then and there defraud one Fred. L. Prow, contrary, etc. SAML. B. VOYLES, Pros. Att'y.

" 2. The grand jurors within and for the county of Washington, and State of Indiana, upon their oaths present, that Jim Cook, on the 3d day of May, A. D. 1875, at said county and State, did then and there unlawfully, feloniously and falsely forge and counterfeit a certain instrument in writing

for the payment of money and delivery of grocery goods, which instrument in writing was then and there, and still is, in the words and figures following: 'Trublood & Allen, Salem, Ind.: Please let Jim Cook have two dollars' worth on my credit. Fred L. Prow, Salem.' With the felonious intent to defraud Alva C. Trublood and Robert W. Allen, partners then and there in the grocery trade, contrary to the form of the statute in such cases made and provided, etc.

"SAML. B. VOYLES, Pros. Att'y."

By section 30 of the act defining felonies, 2 G. & H. 446, it is made a felony for any person to falsely and feloniously make or forge "any order or draft for the payment of money or property."

In an indictment for forgery, or of knowingly uttering counterfeit instruments of writing, the indictment must set forth an exact copy of the instrument. *The State* v. *Atkins*, 5 Blackf. 458; *McGinnis* v. *The State*, 24 Ind. 500; *Coppack* v. *The State*, 36 Ind. 513.

In the case last cited, it is said, that "in forgery it is held necessary to give the tenor of the instrument forged, in order that the court may see that it is one of those instruments, the false making or passing of which is punishable by law."

It is also settled that an indictment for forgery must show that the instrument of which the forgery is predicated is such, on its face, as is naturally calculated to have some effect; or, if that be not the case, then extrinsic matter must be averred, so that the court may judicially see its fraudulent tendency. *Reed* v. *The State*, 28 Ind. 396; Wharton Am. Cr. Law, sec. 350, vol. 1, 6th ed.

In the present case, the instrument alleged to have been forged is set out, and it is averred generally that it was for the payment of money and the delivery of grocery goods. The instrument set out does not support the averment of the pleader. The instrument does not profess to be either for the payment of money or the delivery of grocery goods. The instrument, in legal effect, was a request on the part of

The State *v*. Cook.

the drawer to the drawees that they should sell to the bearer something to the value of two dollars, and that the same should be charged to the drawer. In the first count, there is no averment as to the business in which Trublood and Allen are engaged, nor is there any averment in either count as to their manner of doing business, or as to the business relations between them and Mr. Prow. These averments are necessary to show the fraudulent tendency of the instrument. See authorities last cited.

There is a repugnancy between the former and latter portions of the first count, which leaves it in doubt whether any crime is charged. It is, in the first instance, charged that the defendant unlawfully, feloniously and falsely forged a certain instrument, etc. It is then averred, that "he, the said Jim Cook, then and there well knowing the said instrument was then and there false, forged and counterfeited as aforesaid," etc. The language last quoted is proper in an indictment for uttering a false and forged instrument as true, when the person knew it was false and forged, but is not proper in an indictment for forging an instrument. The last averment destroys the first. It charges the defendant with forging an instrument which he well knew was then and there false and forged. This would not be forgery. It is quite probable that the purpose of the pleader was to charge an uttering of the forged instrument, but the averments as they appear in the record are not sufficient for that purpose. Other objections are urged to the indictment, but it is not deemed necessary to consider them, as it was properly quashed for the reasons stated.

The judgment is affirmed, with costs.