JOHN K. ROODE, PLAINTIFF IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Deeds**: EXECUTION AND ACKNOWLEDGMENT. A deed of conveyance of land must be executed and acknowledged as directed by the statutes of the state in which the land is situated; if the deed is executed in another state and the statute provides that it shall be executed and acknowledged according to the laws of such state, it must be so executed.

2. ———: OF FEME COVERT. An instrument, purporting to be the deed of a feme covert, without her acknowledgment, is void as to her. It is no deed.

3. ———: FORGERY. If an instrument does not purport on the face of it to be good and valid for the purpose for which it was created, it cannot legally be the subject of forgery, if not genuine.

INDICTMENT for forgery found in the district court of Jefferson county. Defendant found guilty, sentenced to the penitentiary for eighteen months, and sued out this writ of error. The cause was tried below before WEAVER, J.

*E. E. Brown*, for plaintiff in error.

*George H. Roberts, Attorney General*, for the State.

GANTT, J.

The indictment charges the plaintiff in error with forging and counterfeiting a certain deed, purporting to convey the title of certain lots of ground in the village of Nashville, in the state of Michigan. The deed is set forth *in extenso* in the body of the indictment, and by it John K. Roode doth grant, bargain, sell and convey to one J. E. Davis, the lots described therein, with full covenants of warranty, and then follows this language : " The said John K. Roode and Maggie Roode relinquish

all claims in and to the above described premises." The names of both John K. and Maggie Roode are signed to the deed: it is regularly executed and acknowledged by John K. but is not acknowledged by Maggie Roode, and the gist of the offense is, that the name of Maggie Roode was forged and counterfeited to the instrument with intent to damage and defraud said Maggie Roode, who is the wife of the plaintiff in error. The accused demurred to the indictment on the ground that the facts stated therein are not sufficient in law to constitute an offense punishable by the laws of this state. The demurrer was overruled by the court, and exceptions duly taken. After the trial the accused filed a motion in arrest of judgment for the same reasons stated in his demurrer, which motion was overruled, and exception was taken. The only questions raised in the case are, whether the deed set forth in the indictment is, upon its face, void as to Maggie Roode, and whether an indictment for the forgery of such an instrument can, in law, be sustained.

It is well understood that, under the strict rules of the common law, the transfer of real estate was by livery of seizin, and, therefore, the validity of the transfer of such estate by deed of conveyance depends wholly upon statutory authority. It seems that the registration of such deeds of conveyance was intended to stand in the place of livery of seizin; and the validity of registration depends upon the instrument having been first properly acknowledged as required by the statute. Hence, the life and legal effect which such deed acquired is wholly derived from and given to it by the statute, and the execution acknowledgment, and registration of the deed must be strictly within the province of the law, for in these respects the statute cannot be taken as merely directory, but must be considered as matter of substance, and must be strictly pursued. 1 Burr, 447. 3 Yeates, 186. And in

*Clark v. Graham*, 6 Wheat., 577, it is said that " it is perfectly clear that no title to lands can be acquired or passed, unless according to the laws of the state in which they are situate." 3 Wash. on Real Prop., 216. *Lies v. De Diablar*, 12 Cal., 330.

The registry laws of Michigan require deeds of conveyance of lands to be acknowledged or proved and recorded; and provide that "if any such deed shall be executed in any other state, territory, or district of the United States, such deed may be executed according to the laws of such state, territory, or district, and the execution thereof be acknowledged before any judge of a court of record, notary public, justice of the peace or other officer" authorized by law to take such acknowledgment; and in all cases of such acknowledgment there must be attached to the deed "a certificate of the clerk or other proper certifying officer of a court of record of the county or district within which such acknowledgment was taken, under the seal of his office, that the person whose name is subscribed to the certificate of acknowledgment was such officer as he is therein represented to be, that he believes the signature of such person subscribed thereto to be genuine, and that the deed is executed and acknowledged according to the laws of such state, territory, or district."

Now the instrument set forth in the indictment is not acknowledged by Maggie Roode, and it is not certified as required by the laws of Michigan; nor is it executed and acknowledged by her according to the laws of Nebraska. Therefore, it need only be observed, that as to Maggie Roode the instrument as a deed does not come within the purview of the laws relating to the transfer of lands by deed of conveyance, either in Michigan, or Nebraska. Hence, it is clear, as to Maggie Roode, the instrument is no deed, and is void upon its face. In *People v. Galloway*, 17 Wend., 541, it is said that " an

instrument purporting to be the deed of a *feme covert* is, before acknowledgment utterly void. It is not her deed." *Smith v. Hunt,* 13 Ohio, 260, 268. *Carney v. Hopple's Heirs,* 17 Ohio State, 39. *Perdue v. Aldridge,* 19 Ind., 290.

The next question is, can such an instrument legally be the subject of forgery, if not genuine? I think the doctrine cannot be maintained upon principle or law that an instrument absolutely void on its face, and which could work no injury to the person for whom it was obtained, can legally be made the subject of forgery if not genuine. In the case of *The People v. Galloway, supra,* it is said of the statute in relation to forgery that "it was made to protect men in the enjoyment of their property, and if the instrument can by no possibility prejudice any one in relation to his estate, it will not be an offense within the statute. * * * In prosecuting for forgery it is material that the instrument should not upon its face appear to be illegal and void." *King v. Moffat,* 2 Leach, 483. And Baron Eyre said in *Jones & Palmer's Case,* 1 Leach, 405, that the instrument to be the subject of forgery must "purport on the face of it to be good and valid for the purpose for which it was created." 2 Bish. Crim. Law, Sec. 506.

The demurrer to the indictment should have been sustained.

JUDGMENT REVERSED.