The State *v.* Blackstone.

---

* * *

No. 8697.

THE STATE *v.* BLACKSTONE.

CRIMINAL LAW.—*Pleading.*—*Indictment.*—*Perjury.*—*Schedule of Property Returned for Taxation.*—An indictment for perjury in taking an oath to a schedule of property returned for taxation, under section 49 of the act of December 21st, 1872, 1 R. S. 1876, p. 81, must set forth an exact copy of the oath administered to the defendant, and if it purport to set forth only the substance and effect thereof, it is not sufficient on motion to quash.

SAME.—*Query.*—Ought not the indictment also to set forth by exact copy so much of the schedule as is relevant to the alleged perjury?

From the Wells Circuit Court.

*D. P. Baldwin*, Attorney General, and *L. J. Baker*, Prosecuting Attorney, for the State.

WOODS, J.—The defendant was indicted for perjury, alleged to have been by him committed in taking the oath to his schedule of property returned for taxation for the year 1879. The indictment contains no copy of the schedule, but charges that the defendant listed the total value of his credits above indebtedness at the sum of seventeen hundred and sixty-seven dollars, to which statement he then and there subscribed his name and filed his affidavit and took his corporal oath, etc., and did depose and swear in substance and to the effect following, that is to say : "I, Jones Blackstone, being duly sworn, say that," etc., and proceeding in the language of the oath prescribed by the statute, 1 R. S. 1876, p. 81, sec. 49. The indictment concludes with a proper charge that the oath was false in reference to the item of credits over indebtedness.

The court sustained a motion to quash this indictment, but, as there is no brief for the appellee, we have no information of the ground of the ruling, except the statement in the brief for the appellant that it was because a copy of the schedule was not set out in the indictment.

By the 44th section of the act defining felonies, it is provided that, "in indictments for perjury in swearing to any written instrument, it shall only be necessary to set forth that part of the instrument alleged to have been falsely sworn to, and to negative the same, with the name of the officer or court before whom the instrument was sworn to." And in *Coppack* v. *The State*, 36 Ind. 513, it was held, under this statute, that an instrument, or a part of it, can not be "set forth" in any other way than to give the tenor thereof, or, in other words, an exact copy. Counsel for the appellant insist that they have complied with this rule ; that

"the perjury in this case consists in falsely swearing to the affidavit, of which the indictment sets out a complete copy." But counsel are mistaken in this statement of the fact. The indictment does not purport to give the tenor, but only the substance and effect, of the affidavit which the defendant is charged with having subscribed and sworn to. It is true that the affidavit set out is an exact copy of the oath prescribed by the law, but, under the averments of the indictment, that oath is not shown to be the exact one which was administered to the defendant, but only the substance and effect thereof. This is not sufficient.

Without deciding, we may suggest the query whether the indictment ought not also to have set forth by exact copy so much of the schedule as is relevant to the alleged perjury; that is to say, in this case, items 1, 2, and 3, which relate to credits and indebtedness.

The judgment is affirmed.