Rudicel v. The State.

Filed Sept. 27, 1887.

No. 13,853.

RUDICEL v. THE STATE.

CRIMINAL LAW. — _Forgery._ — _Character of Instrument._ — An instrument to which the accused intended to forge the name of "William R. Stephens," but instead of so writing it wrote the name "Bill Stevens," if perfect in form, is calculated to deceive, and will support an indictment for forgery.

From the Huntington Circuit Court.

_B. F. Ibach, J. G. Ibach, J. C. Branyan, M. L. Spencer_ and _W. A. Branyan_, for appellant.

_L. T. Michener_, Attorney General, and _J. H. Gillett_, for the State.

ELLIOTT, J.—Counsel say that "A single proposition is urged for the reversal of this cause; that is, was the instrument forged such an one as would deceive or was calculated to deceive any one?"

Their contention is, as we understand them, that, as the appellant intended to defraud by forging the name of William R. Stephens, and instead of writing that name wrote the name "Bill Stevens," no case is made out, because the instrument was not such as would deceive any person. We can not assent to this doctrine. It is true that the forged instrument must on its face appear to be one of some legal efficacy, but it is sufficient if the legal validity be apparent and not actual. It is only where the instrument appears as matter of law to be void that the accused can escape. Mr.

Bishop thus states the law: "Since men are not legally presumed to know facts, a false instrument which is good on its face may be legally capable of effecting a fraud, though inquiry into extrinsic facts should show it to be invalid even if it were genuine." 2 Bishop Crim. Law, section 541. In this instance the note was perfect in form, and it is only by inquiry into extrinsic facts that it can be ascertained that it will not bind the person whose note the accused represented it to be. If the note had been sued on, and it had been averred that William R. Stephens had executed it under the style of "Bill Stevens," he, as defendant, would have been compelled to defend by way of answer, and an inquiry into extrinsic facts would have been necessary to determine the validity of the note, so that it is obvious that the validity of the instrument could not have been determined from a mere inspection. If the note had been bought by the person to whom it was offered as the note of the man William R. Stephens, he, had he believed the representations of the accused, would have been defrauded, because the validity of the note was not disclosed as matter of law, but depended upon extrinsic facts. It is not the character of the signature that determines, as matter of law, the validity of a promissory note perfect in form and substance, for, if the note is signed, the manner of signing does not necessarily impair its force. It is not necessary that the prosecution should show that the instrument was in due legal form; it is sufficient if it be shown that it so resembles a valid promissory note as renders it likely to deceive a purchaser. *Garmire* v. *State*, 104 Ind. 444; *Rollins* v. *State*, 22 Texas App. 548 (58 Am. Rep. 659).

Where the accused intends to forge the name of a person, and attempts to utter the note as that of the person whose name he intended to forge, he is guilty of the crime of forgery, and will not be allowed to escape punishment on the ground of an error or omission in writing the forged signature. *Powers* v. *State*, 87 Ind. 97.

In the case of *Lemasters* v. *State*, 95 Ind. 367, the forged note purported to be signed by one who could not write, and, although a space was left and indicated for a mark, it was held that forgery might be alleged upon such a note, notwithstanding the fact that there was no mark.

In *Myers* v. *State*, 101 Ind. 379, the instrument was represented to have been executed by Vincent T. West, but it was signed " Dr. West," and a conviction was sustained.

It is always competent to prove that different names may, in fact, identify or relate to the same person. *Johnson* v. *State*, 46 Ga. 269 ; *Commonwealth* v. *Gale*, 11 Gray, 320 ; *State* v. *Dresser*, 54 Maine, 569.

It is competent, therefore, to prove that a man often or usually signs instruments by initials, or by any abbreviation he chooses, or by any familiar name others may give him, and it can not be said as matter of law that William R. Stephens did not often or usually sign his name "Bill Stevens," so that it can not be held that such a signature disclosed the invalidity of the note.

Judgment affirmed.

