Opinion of the court.

No. 6428

WILLIAM KING v. THE STATE.

| 27 | 567 |
|----|-----|
| 34 | 465 |

| 27 | 567 |
|----|-----|
| 35 | 108 |
| 36 | 203 |
| 36 | 204 |
| 39 | 26 |
| 39 | 112 |

FORGERY.—INDICTMENT.—If the written instrument declared upon as a forgery is so incomplete in form as not to import a legal liability, then, to sufficiently charge forgery upon it, the indictment must allege such facts as will invest it with legal force and show that, if genuine, it would create a legal liability. See the opinion for an indictment *held* insufficient to charge forgery because, in the absence of innuendo averments, the indictment declared upon is incomplete in form and substance, and does not import a legal liability.

APPEAL from the District Court of Hill. Tried below before the Hon. J. M. Hall.

The opinion discloses the case. The penalty assessed by the jury was a term of two years in the penitentiary.

*S. C. Upshaw,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. As set forth in the indictment the offense was charged in the following language, viz: "That William King did, in the county of Hill, and State of Texas, on or about the first day of December, A. D. 1888, then and there wilfully, knowingly and fraudulently attempt to pass as true, to H. R. Smith, a forged instrument in writing to the tenor following:

'Weighed on Fairbanks Standard Scale, Dec. 1st, 1888.
Load of one load of corn,
From Sam Simpson
To Patty & Brockington.
On gross 2513 lbs.
Off tare 1011 lbs.
———
Fees net, 1502 lbs.
Net bus.　Weigher' (space for figuring on back side);

which said instrument purported to be the certificate for said Sam Simpson of one load of corn weighed on said scales for the account and benefit of Patty & Brockington, and which said instrument, if true, would have created a pecuniary obligation on said Patty & Brockington to pay to the legal owner and holder thereof for 1502 pounds of corn; which said instrument in writing the said William King then and there knew to be forged, and did then and there attempt to pass the same as true with intent to injure and defraud; contrary to law and against the peace and dignity of the State."

A motion was made to quash the indictment, which was overruled by the court. The Assistant Attorney General confesses error and admits that "upon the face of the indictment the instrument (declared on) does not create any liability upon the part of any one to be responsible for anything. 2. There are no innuendo averments showing the facts or reasons why the said instrument created such liability, nor are there requisite explanations set out that make the alleged forged instrument a forged instrument in law."

"If a writing is so incomplete in form as to leave an apparent uncertainty in law whether it is valid or not, a simple charge of forging it fraudulently, etc., does not show an offense, but the indictment must set out such extrinsic facts as will enable the court to see that, if it were genuine, it would be valid." (2 Bish. Crim. L., 7 ed., sec. 545.) And "when an instrument is incomplete on its face, so that, as it stands, it can not be the basis of any legal liability, then, to make it the technical subject of forgery, the indictment must aver such facts as will invest the instrument with legal force." (1 Whart. Crim. Law, 8 ed., sec. 740; and see the subject fully discussed in Hendricks v. The State, 26 Texas Ct. App., 179; see also Anderson v. The State, 20 Texas Ct. App., 595; Rollins v. The State, 22 Texas Ct. App., 548; State v. Wheeler, 19 Minn., 98; same case, 1 Green's Cr. L. Repts., 541.)

We are of opinion the motion to quash the indictment should have been sustained, and that the court erred in overruling it. The judgment of the court below is reversed, and because the indictment is fatally defective in setting out the offense attempted to be charged, the prosecution thereunder is dismissed.

*Reversed and dismissed.*