[Argued March 14, 1893; decided March 20, 1893.]

## STATE *v.* R. H. DUNN.

[S. C. 32 Pac. Rep. 621.]

FORGERY — CODE, § 1808 — NOTE BARRED BY LIMITATION.— Forgery, under
    section 1808, Hill's Code, may be predicated of any instrument that may
    be the basis of an action, or is of such a character that it may defraud
    another, or injuriously affect his rights; therefore, a note which appears
    upon its face to be barred by the statute of limitations may be the sub-
    ject of forgery, since the defense of limitation may be waived by the
    maker, and the note become the foundation of a valid judgment, and
    establish a legal liability.

Multnomah County: THOMAS A. MCBRIDE, Judge.

Defendant pleaded guilty to a charge of forgery under
section 1808 of Hill's Code, and entered a motion in arrest
of judgment because the indictment does not state a crime.
The motion was overruled, and defendant appeals. Af-
firmed.

*Nathan D. Simon (McGinn & Sears* on the brief), for
Appellant.

*Geo. E. Chamberlain,* attorney-general, and *Wilson T.
Hume,* district attorney, for Respondent.

LORD, C. J.—The defendant pleaded guilty to an
indictment which charged that he, "on the fifteenth day
of December, 1892, in the county of Multnomah, and state
of Oregon, did wilfully, knowingly, and feloniously utter
and publish as true and genuine, to one W. G. Jenne, a
a certain false and forged writing and promissory note,
knowing the same to be false and forged, the tenor, pur-
port, and effect whereof is as follows:—

'"$165.          PORTLAND, OR., December 14, 1882.

'"Ninety days after date, without grace, we jointly and
severally promise to pay to the order of R. H. Dunn one
hundred and sixty-five dollars for value received, with
interest from date, payable at the rate of ten per cent
per annum until paid, principal and interest payable in

United States gold coin at the Ainsworth National Bank, in Portland, Oregon; and in case suit or action is instituted to collect this note, or any portion thereof, we promise to pay such additional sum of money as the court may adjudge reasonable as attorney's fees in said suit or action.

> "'JONATHAN RICHARDSON.
> "'J. J. FISHER.'

—with intent to injure and defraud the said W. G. Jenne and other persons," etc.   Before judgment was rendered on defendant's plea of guilty, he filed a motion in arrest of judgment, upon the ground that the facts stated in the indictment do not constitute a crime, which the court overruled and thereafter sentenced him to imprisonment in the penitentiary.

It will be observed that nearly ten years have elapsed since said note became due, or a cause of action accrued thereon, and our statute prescribes that an action can only be commenced on a contract of this character within six years after the action has accrued:   Hill's Code, § 6. Upon this state of the case, the contention for the defendant is that the note set out in the indictment appears on its face to be barred by the statute of limitations, or not to be enforceable, and is therefore not such an instrument as can be the subject of forgery.   The defendant is indicted under section 1808, Hill's Code, which provides that "If any person shall, with intent to injure or defraud any one, falsely make, alter, forge, or counterfeit   *   *   * any promissory note,   *   *   *   or shall, with such intent, knowingly utter or publish as true and genuine any such false, altered, forged, or counterfeited record, writing, instrument, or matter whatever, shall be punished by imprisonment in the penitentiary not less than two nor more than twenty years."   By this section the uttering or passing, as well as the making, of a forged instrument, is declared a forgery.   They are separate and distinct crimes, though both offenses are forgery.   The

party uttering need not be the party who forged the instrument. To make out the offense, it is sufficient that the writing or instrument should be forged or altered; that the party uttering or passing it knew it to be false, altered or forged; and that he should utter, or attempt to utter, it with intent to injure or defraud some one.

As defined by Mr. Bishop, "Forgery is the false making, or materially altering, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy, or the foundation of a legal liability": 2 Bishop, Crim. Law, § 523. "But," he further observes, "to constitute an indictable forgery, it is not alone sufficient that there be a writing, and that the writing be false; it must be also such as if true would be of some legal efficacy, real or apparent, since otherwise it has no legal tendency to defraud": Id. § 533. "This is on the principle," said GREGORY, J., "that every man knows the law, and is able to appreciate the legal effect of the instrument; and therefore it cannot, in legal contemplation, defraud any one": *Reed* v. *State*, 28 Ind. 397. Hence, a writing invalid on its face cannot be the subject of forgery, because it has no legal tendency to injure or defraud. But, while a writing which is void, or without legal efficacy on its face, cannot be the subject of forgery, it may, when it is shown by the averment of proper extrinsic facts, be capable of injury, or of affecting the rights of another. Of course, if the instrument is void or invalid on its face, and cannot be made good by averment, the crime of forgery cannot be predicated upon it. An indictment for forgery must, therefore, disclose an instrument which is calculated on its face to have some effect, or extrinsic facts must be alleged which will enable the court to see judicially its fraudulent tendency: See note to *Arnold* v. *Cost*, 22 Am. Dec. 306, 321. In this case the alleged invalidity of the note appears on its face, and arises from the fact that it is subject to the bar of the statute of limitations.

The contention is that the note is not enforceable, on

account of the bar of the statute, and cannot, therefore, be the subject of forgery, because in such case there can be no legal tendency to injure or defraud another. This argument proceeds upon the principle that the note, if genuine, would be void and worthless, because the statute not only bars the remedy, but extinguishes and destroys the legal obligation, and consequently the note could not be the foundation of a criminal action for forgery. But we apprehend it is not absolutely essential that a writing or note must be capable of enforcement to be the subject of forgery. In *Hawkeswartd's Case*, 1 Leach, 257, the defendant was indicted for forging a bill of exchange. The bill was not stamped, as required by the statute, which provided "that a bill without a stamp shall not be pleaded, or given in evidence, or be available, in law or equity." It was contended by counsel for the prisoner that "the writing was not a bill of exchange, but a piece of waste paper, incapable of becoming the subject of either fraud or felony; that the party who took it must at the time have known that it was not a legal bill of exchange. or he must have been grossly negligent, the defect being visible upon the face of it." But BULLER, J., overruled the objection, on the ground that the stamp acts were merely revenue laws, and did not purport in any way to alter the crime of forgery, and that the effect of the stamp act saying that a bill without a stamp shall not be pleaded, or given in evidence, or be available, in law or equity, signified only that it should not be made use of to recover the debt. This, and other cases which might be cited, indicate that it is not absolutely essential for the writing or instrument to be enforceable at law to predicate forgery upon it. While it is true that a writing alleged to have been forged must, if genuine, have some legal efficacy, or be the foundation of some legal liability, yet it is not always necessary that it should be enforceable, to be the subject of forgery. It is sufficient if it may be the basis of an action, or is of such a character

that it may defraud, or injuriously affect the rights of another.

It is laid down as a fundamental principle that statutes of limitation affect the remedy, but not the merits; in other words, that they bar the remedy merely, but do not extinguish or destroy the obligation. Hence, the defense of the statute is a personal privilege, and no one can compel any one to take advantage of it if he chooses not to: 13 Am. & Eng. Enc. 703–707. Mr. Wood says that "a rule of great importance is, that the bar of the statute must be interposed by the diligence of the debtor, and as early as possible, and usually, unless otherwise provided by statute, on the pleadings previously to the hearing, and that it will not be raised by the court unsolicited; and also, that the protection afforded by the statute may be waived by the debtor." "The law allows a man to be honest and to pay an honest debt, however stale and ancient it may be. He may interpose the statute of limitations, but he may also waive it. The law does not compel him to resort to this defense, nor can others insist upon it for him": *Brookville Nat. Bank* v. *Kimble*, 76 Ind. 203. A note may be barred by the statute of limitations, and still support a judgment, if no defense be interposed. In this state, on contracts of this character, the statute only affects the remedy, and in order to avail a party, must be pleaded, if it does not appear on the face of a complaint, or demurred to if it does. This being so, if an action should be begun on a note subject to the bar of the statute, the makers would be compelled to come into court and defend against it in order to avoid the recovery of a judgment upon it. This shows that such a note has some efficacy or validity, and is not wholly void, even though its collection might be defeated by such appearance in court, and it is, therefore, within the principle announced, the subject of forgery.

In *People* v. *Fadner*, 10 Abb. N. C. 462, it was objected that the indictment was void, for the reason that the note alleged to be forged was usurious and void on its face.

The court says: "The answer to this question would seem to be found in the answer to another, viz: would the maker of this note, if genuine, be compelled to defend in order to protect himself from judgment in an action founded upon it? If the note, in the form set forth in the indictment, be the subject of legal proceedings in which a judgment may be lawfully recovered against the maker on default, then he may be injured, within the meaning of the statute. It is an injury to be compelled either to defend a suit or suffer judgment." So, here, if the makers of the note set out in the indictment, if genuine, would be compelled to come into court and defend in order to protect themselves against a judgment in an action founded upon it, then such a note may be the subject of legal proceedings in which a judgment may be lawfully recovered against the makers on default, and they be injured, within the meaning of the statute. Such a note has sufficient efficacy or validity to sustain a judgment and create a lien upon the property of the makers, unless they come into court and defend against the action, as provided by the code. It is a writing, according to Mr. Bishop's definition, which, if genuine, might be of legal efficacy, or the foundation of a legal liability. It is not wholly void or absolutely worthless, but, as we have seen, might become the foundation of a valid judgment, and thus establish a legal liability. Such being the case, the makers might be injured or prejudiced by it, "and that," said the judges in *King* v. *Ward*, 2 Lord Raymond, 461, "makes the forgery an offense for which an indictment would lie at common law," and, as we think, under our statute.

The judgment is affirmed.