## A. J. CAFFEY v. THE STATE.

*No. 924. Decided June 10th, 1896.*

### 1. Forgery—Teacher's Voucher—Indictment—Sufficiency of.

By Art. 3962, Rev. Stat., it is provided, that, "The amount contracted by trustees to be paid a teacher, shall be paid on a check drawn by a majority of the trustees on the county treasurer and approved by the county superintendent. The check shall, in all instances, be accompanied by the affidavit of the teacher, that he is entitled to the amount specified in the check as compensation under his contract as a teacher." Held: That an indictment for the forgery of such a voucher is fatally defective if it fails to set out the affidavit of the teacher, and allege that the affidavit of the teacher accompanied the check.

### 2. Same—Instruments Which Are Subjects of.

An instrument, to be the subject of forgery, must, on the face of it, be good and valid for the purpose for which it was created. If void and invalid on its face, it cannot be made good by averment.

### 3. Same—Statutory Instruments.

If the statute authorizes an instrument not known to the common law, and so prescribes the form as to render any other form void, forgery cannot be committed by making the instrument in a form not provided by the statute.

DAVIDSON, Judge, dissenting, holds that, "The check upon the face of it," was a valid instrument without the affidavit, and, as such, was the subject of forgery under our statute. That the statute does not require, that the affidavit be made before the execution of the check, but only requires that it shall accompany the check. That the check was as complete "upon its face" without the affidavit as it would or could have been had it been accompanied by the affidavit.

APPEAL from the District Court of Comanche. Tried below before Hon. T. H. CONNER.

This appeal is from a conviction for forgery of a teacher's school voucher, the punishment being assessed at three years' imprisonment in the penitentiary.

Demurrers and exceptions to the indictment, with a motion to quash the same, were overruled in the court below.

No statement necessary.

*Lindsey & Gordon,* for appellant.—The indictment is insufficient in that it declares upon an instrument incomplete, and in law invalid, for the purpose charged, because, the law provides, that before such instrument shall be capable of transferring said money out of the treasury, that said voucher, when presented to the treasurer, should be accompanied with the affidavit of the teacher, that he was entitled to the same; and, the treasurer could not lawfully pay it without said affidavit, and the said affidavit is not set out, nor is there any allegation in the indictment with respect to the affidavit. Rev. Stat., Art. 3962 [3776]; Carder v. State, 35 Tex. Crim. Rep., 105; Anderson v. State, 20 Tex. Crim. App., 595; Henderson v. State, 14 Texas, 503; Howel v. State, 37 Texas, 591; Rollins v. State, 22 Tex. Crim. App., 548; Rembert v. State, 52 Ala., 467; Williams v. State, 51 Ga., 525; People v. Galloway, 17 Wend., 540; People v. Harrison, 8 Barb. (N. Y.), 560; Cunningham v. People, 4 Hun. (N. Y.), 455; Waterman v. People, 67 Ill., 61; Abbot v. Rose, 62 Me., 194; State v. Wheeler, 19 Minn., 98; People v. Shall, 9 Cowan (N. Y.), 778; People v. Heed, 1 Idaho, 531; Rood v. State, 5 Neb., 174.

*Mann Trice,* Assistant Attorney-General, for the State.

[No brief found with the record.—Reporter.]

HURT, PRESIDING JUDGE.—Appellant was convicted of forging the following instrument of writing, commonly called "a school voucher," to-wit:

"Approved. Chas. E. Williamson, County (Ex officio) Superintendent, Comanche County."

"No. 5.　　　　　　　　　　　　　　$36.00.

"Blanket Creek School District No. 51, Comanche County, Texas, May 20th, 1890. Pay to Linda C. Switzer, or order, the sum of thirty-six dollars out of the public school fund apportioned to the Blanket Creek School District No. 51, for services as teacher in the public free school of said district for the month ending the —— day of May 20, 1890.

"J. B. GATES,
"B. W. SWITZER,
"Trustees of School District No. 51, in Comanche
County, Texas.
"To A. J. Caffey, County Treasurer, Comanche
County, Texas."

Appellant moved to quash the indictment, because, under the law of this State, the instrument set forth in the indictment was not the subject of forgery, nor could it be made the subject of forgery by any allegations. Our statute on the subject of payment of amounts due school teachers reads as follows: "The amount contracted by trustees to be paid a .teacher shall be paid on a check drawn by the majority of the trustees on the county treasurer, and approved by the county superintendent. The check shall in all instances be accompanied by the affidavit of the teacher that he is entitled to the amount specified in the check as compensation under his contract as a teacher." See, Acts 1884; Sayles' Civ. Stat., Art. 3776; Rev. Stat., 1895, Art. 3962. The indictment shows that two of the school trustees signed the check. It also shows that it was approved by the county superintendent of said county. It fails to allege that the affidavit of the teacher accompanied the check. The contention of the appellant is that this check is absolutely void, as it neither created, increased, diminished, discharged, nor defeated any pecuniary obligation, or would have transferred or in any manner have affected any property whatever. The question for our decision is this: In the absence of the affidavit of the teacher, which must accompany the check, is it such an instrument as is the subject of forgery? If the treasurer had paid the check, in the absence of the affidavit, he would have done so without authority, and against the law, and the check would have been no voucher to him in his settlement of accounts with the Commissioners' Court. This is not the case of the irregular or bungling execution of an instrument which is the subject of forgery, but it is a case of forging an instrument which, standing alone, is not such a completed instrument as to be the subject of forgery. Now, we are not to be understood as holding that this check is not the subject of forgery; but, to constitute it the subject of forgery, there must be the affidavit of the teacher accompanying it, for, in order to give it any force or effect, it requires both the check, properly signed and approved, and the affidavit of the teacher. Without the affidavit of the teacher, standing alone, it is not the subject of forgery. Why? Because the statute says, "the check shall in all instances be accompanied by the affidavit of the teacher." The instrument by which a teacher, under the laws of the State of Texas, is authorized to demand and receive pay for his services, is a creature of the law. The terms of such an instrument are defined by the law, and, before he himself has such an obligation as he can make a legal demand for his services, he must have the instrument provided by the law. He cannot go with the check simply signed by a majority of the trustees, or by all of the trustees, and demand his salary. To have the completed instrument, and in order to make a legal demand, he must also have the approval of the superintendent and the affidavit provided by law. Then he has a complete instrument, and has a legal demand for his services. We cite the following cases as being in point, and having a direct bearing upon this subject: Roode v. State, 5 Neb., 174; Cunningham

v. People, 4 Hun., 455; People v. Harrison, 8 Barb., 560; State v. Smith, 8 Yerg, 150; People v. Heed, 1 Idaho, 531. We are not aware that the exact question here presented has ever been decided by our courts, but analogous questions have been decided in the courts of other States. In the case of Roode v. State, 5 Neb., 174, supra, it was held that a married woman's deed, without an acknowledgment, which, under the laws of the State where it was executed, made it void, was such an instrument as was not the subject of forgery. This case refers to Mr. Bishop, and quotes from him as follows: "An instrument, to be the subject of forgery, must, on the face of it, be good and valid for the purpose for which it was created." 2 Bishop's Crim. Law, 506. In the case of Cunningham v. People, supra, the prisoner caused to be engraved and printed what purported to be warrants drawn by the auditor of public accounts on the state treasurer of Mississippi, and had a a seal made. He filled in the blanks of two warrants, but made no impression with the seal upon them. The warrants, by the law of Mississippi, were invalid without a seal, and it was held that the instruments, being invalid on their face, were not the subject of forgery, and it was further held that, if the statute authorizes an instrument not known to the common law, and so prescribes this form as to render any other form void, forgery cannot be committed by making an instrument in a form not provided by the statute, even though it is so like the genuine as to be likely to deceive most persons. In People v. Harrison, supra, it was held that an indictment would not lie for forgery of a certificate of acknowledgment of a deed, which certificate did not state that the grantor acknowledged the execution of the conveyance. It was stated that, in order to be the subject of forgery, a written instrument must be valid, and, if genuine, for the purpose intended. If void or invalid on its face, it cannot be made good by averment. The crime of forgery cannot be predicated upon it. In Smith's case, supra, it is said that an instrument void in law upon its face is not the subject of forgery, because the genuine and the counterfeit would be equally useless, imposing no duty or conferring no right; as the forgery of a will for lands, having only two witnesses, when three were required, where the court held the instrument void on its face and no forgery— referring to Wall's case, 2 East P. C., 953. These authorities support the view we take of the question involved in this case, and the judgment of the lower court is accordingly reversed and the cause dismissed.

*Reversed and Dismissed.*

HENDERSON, Judge, concurs.

———

DAVIDSON, JUDGE, (dissenting):—Appellant's contention, which is sustained by the majority of the court, that the check declared upon is illegal and void "upon its face," because the indictment does not allege that the affidavit of the teacher accompanied said check, is, in my opinion, not sound, as I understand the law with reference to the question of

forgery. The basis of the opinion of the majority is that the affidavit. must not only accompany the check given by the trustees, but it must accompany it when presented to the county treasurer for payment. I cannot concur in this view of the law. The affidavit alluded to, required in all instances to accompany the check given by the trustees to the teacher, is intended for the inspection of the county superintendent, in case there be such an officer, or, in the absence of such officer in the county, to the County Judge as ex officio superintendent. By the terms of Section 25 of the Act of 1893, teachers are furnished with necessary blanks and forms for making out their monthly reports to the superintendent of the county. These blanks are furnished by the State superintendent, who is clothed with authority to require from school teachers and officers reports regarding all such school affiairs as he may deem proper. Section 72 requires the teacher to keep a daily register, in which the names, ages, studies of the pupils, and their attendance shall be recorded, and such other matters as may be prescribed by the State superintendent. Section 72a provides that all teachers shall make monthly reports of such subjects as may be designated by the State superintendent or the county superintendent, to be approved by the majority of the trustees of the district, and shall file the same with the county superintendent when they present their vouchers for their monthly salary. Section 72b requires that all monthly and term reports of teachers shall be made under oath, and county superintendents are empowered to administer such oaths for such purposes. Section 57 enacts that the amount contracted by the trustees to be paid a teacher shall be paid on a check drawn by the majority of the trustees on the county treasurer and approved by the county superintendent. The check shall in all instances be accompanied by the affidavit of the teacher that he is entitled to the amount specified in the check as compensation under his contract as a teacher. These provisions are in substance the same as when this offense occurred. My construction of these various provisions of the Act of 1893 is that these reports are made out by the teacher, and are presented, along with the check drawn by the trustees, to the county superintendent; that, when the voucher or check, thus accompanied, is presented to the county superintendent, he shall approve the check drawn by said trustees, and said report and said affidavit are to be lodged with the county superintendent, and not the county treasurer; and the superintendent's approval is not placed upon the check until these matters have been complied with, and when this has been done, he retains said reports and affidavit, delivering to the teacher the check approved by himself. This check is then presented to the county treasurer, who is authorized and required to pay it. Such I understand to be the legitimate and proper construction of these various provisions of the law. And this check, signed by a majority of the trustees, and approved by the county superintendent, is a complete and valid instrument "upon the face of it." But, even if these matters have not been complied with, yet the check is a completed instrument "upon the face of

it," whether approved by the County Judge or accompanied by the affi-
davit or not. It is a completed instrument, so far as the trustees can
make it, whether the affidavit is made or not, and the absence of said
affidavit could not possibly affect the terms of the check as shown "upon
the face of it." Mr. Bishop says that "an instrument, to be the subject
of forgery, must on the face of it be good and valid for the purpose for
which it was created." 2 Bishop's Crim. Law, 506. Such is the well
settled law in Texas, under all of the decisions where the question has
ever been discussed. See, Hendricks v. State, 26 Tex. Crim. App.,
176, and King v. State, 27 Tex. Crim. App., 567.

I do not question the authorities relied upon by the majority of the
court as enunciating correct principles of law; and, if this instrument
came within the contemplation of the rule laid down by said authorities,
I would readily concur in the opinion of the majority. I think, how-
ever, a careful examination of each case cited, will demonstrate the fact
that in each instance the court rendering the opinion was discussing only
that character of instrument which was of no legal effect or efficacy
"upon the face of instrument itself;" and if this instrument was of that
character, then the indictment would be vicious. But this check was,
"on the face of it," good and valid for the purpose for which it was cre-
ated. It was given for a specified sum of money, payable to the proper
school teacher, signed by the requisite number of school trustees, and
approved by the County Judge, as ex-officio superintendent. A simple
glance at the face of the instrument declared upon, verifies this state-
ment. There was no other act of the trustees to be performed, and no
act of the teacher or the superintendent or the treasurer, could add to or
detract from the terms on the face of that instrument; and, if the teacher
or the superintendent had changed the terms of the instrument after its
execution by the trustees, they might themselves have been guilty of
altering the check. The act of the teacher in making the affidavit could
not affect the terms of the check as given by the trustees, in so far as the
face of the instrument itself is concerned. His act was an independent
one, forming no part of the terms of the check, and could not increase or
diminish its efficacy as the act of the trustees. It was the independent
act of the payee of the check. It was an extraneous matter, and was not
a prerequisite to the execution or making of the check. The statute
does not require that this affidavit shall be made before the execution of
the check, but only requires that it shall accompany the check; and,
under the various provisions of the law, its object is to show that the
teacher is entitled to the amount specified in the check as compensation
for his services as teacher. This compensation is based upon the num-
ber of the pupils taught by him, and is covered in the monthly report.
So far as the act of the teacher was concerned, the check was as complete
"on the face of it," and for the purpose for which it was created, with-
out the affidavit as it was with it; and, this being so, it was capable of
being used to consummate a fraud, and therefore, was and is the subject
of forgery under our statute. Kennedy v. State, 33 Tex. Crim. Rep.,

183; Hendricks v. State, 26 Tex. Crim. App., 176; King v. State, 27 Tex. Crim. App., 567; Lassiter v. State, 35 Tex. Crim. Rep., 540; People v. Bibby, 81 Cal., 470, 27 Pac., 781; Com. v. Costello, 120 Mass., 367.

In Bibby's case, supra, the appellant was convicted of forging the order of the school trustees on the county superintendent of public schools of Fresno County, for the sum of $120, for material and work furnished the Pleasant Valley school district. This order was not ac-companied by the required bill of items mentioned in the statute of that State, which provided that "no requisition shall be drawn, unless the money is in the fund to pay it, and no requisition shall be drawn upon the order of the board of trustees against the fund of any district, except for teachers' salaries, unless such order is accompanied by an itemized bill, showing the separate items and the price of each, in payment for which the order is drawn." The contention was made in that case that the order was illegal upon its face, because it did not appear that said order was accompanied by said bill of items, and it was further urged that this "order was worthless paper, save for the purpose of forming a foundation upon which to issue a requisition to the auditor for the county warrant, and that no requisition could issue in the case because the order was not accompanied by a bill of items." In overruling this contention, the court said: "The order is a valid order upon its face. It fulfills every requirement of the law, and, if genuine, would have a well defined value. A bill of items is no part of the order, and is only required to accompany the order when a requisition is required from the county superintendent. At that time, and only at that time, is the bill of items of any value." So, in this case, it was not necessary that the affidavit should have been made in order to constitute the check of the trustees a valid obligation. The check was as complete "upon the face of it," without the affidavit, as it would or could have been had the affida-vit accompanied the same. If it were necessary to go into the question further, it might be said, correctly, that it is not necessary that the check should have a completed legal efficacy. It would be sufficient if its legal efficacy be apparent, and not actual or real. As was said by the Indiana Supreme Court: "It is true that the forged instrument must, on its face, appear to be one of sufficient legal efficacy; but it is suffi-cient if the legal validity be apparent, and not actual. It is only where the instrument appears as a matter of law to be void, that the accused can escape; and Mr. Bishop thus states the law: 'Since men are not legally presumed to know the facts, an instrument which is good on its face may be legally capable of effecting a fraud, though inquiry into ex-trinsic facts should show it to be invalid, even if it were genuine.'" Rudicil v. State, 111 Ind., 595, 13 N. E. Rep., 114, and cited authori-ties.

The check, then, being complete on its face, and the affidavit a sepa-rate and independent document, not necessary to the execution of the check, it is an extrinsic, independent fact; and, even if not made, could

not affect the completeness of the check, in so far as the "face of it" is concerned. This check was of at least apparent legal efficacy. It was drawn by the proper trustees, in favor of the proper teacher for a definite sum. And this was all, under the law, that the trustees could do, or were required to do. And their act gave the check legal efficacy, and served as the foundation of a legal claim and demand, and it could be used as legal proof. There was no defect in regard to the terms of the check, as shown by the "face of it." There was nothing that rendered it doubtful upon the "face of it," so as to require innuendo averments in declaring upon it. It was then a completed instrument for the purpose for which it was created, and, tested by Mr. Bishop's rule, "it is good and valid, on the face of it, for the purpose for which it was created." Now, what was that purpose? Simply to order the payment to the teacher of the amount of money specified on the face of it, out of a certain school fund, belonging to Blanket School District, No 51, for services as teacher of said district for the month ending May 20, 1890. It certainly was good for this purpose, and, if the teacher failed to make the required affidavit, that failure could not affect the terms of the instrument. If the check was void without the affidavit, as held by the majority, then there was no act save the oath of the teacher that could render it valid; and, in case of his death before making said affidavit, it could not form the basis of a claim by his estate that could be enforced against the school fund. If void during the life of the teacher, the fact of his death would not operate to make the check valid, or give it any legal standing. I do not apprehend that this position would be contended for as being correct, for, in case of the death of the teacher before the affidavit is made, the check certainly would constitute the basis of a claim in favor of his estate for the services rendered by him as such teacher. If this be true, the instrument was not a void one, and, if it had been genuine, it certainly could be made the basis of a legitimate and valid claim for the sum specified upon its face. But it is not necessary that the instrument be actionable in order to constitute it the subject of forgery. It is sufficient if the instrument affects property and is one which could be used as evidence, either for or against a person whose act it purports to be, or against any other person. See, State v. Boasso, 38 La. Ann., 202; State v. Johnson, 26 Iowa, 407; State v. Dunn, 23 Or., 562; 32 Pac., 621; People v. Munroe, 100 Cal., 664; 35 Pac., 326; and 24 Law. Rep. Ann., p. 33 et seq., and notes, for collated authorities on questions discussed. I therefore feel constrained to dissent from the opinion of my brethren—from the position upon which they have predicated their opinion that the instrument is void without the teacher's accompanying affidavit. I think the judgment in this case should be affirmed.