# THE STATE v. FLOYD.

[No. 21,059. Filed October 16, 1907.]

1. FORGERY.—*What Is.*—Forgery, at the common law, is the false making or material altering, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability. p. 138.

2. SAME.—*Void Instrument.*—An instrument in writing, manifestly void, cannot be the subject of forgery. p. 138.

3. SAME.—*Imperfect Instrument.*—An instrument in writing, imperfect upon its face, but which, aided by extrinsic facts, may be used to defraud another, may constitute a basis for the charge of forgery. p. 138.

4. INDICTMENT AND INFORMATION.—*Forgery.—Imperfect Instrument.*—An indictment for the forgery of an instrument, imperfect on its face, must show extrinsic facts sufficient to apprise the court that the instrument was such as could be used to deceive and defraud. p. 138.

5. SCHOOLS. — *Teachers. — Contracts. — Trustees. — Settlements.— Vouchers.—Forgery.*—Under §§6594, 6595 Burns 1908, Acts 1899, p. 173, §§1, 2, providing that all contracts between teachers and school corporations shall be in writing and kept in a public record, and §8085h Burns 1901, Acts 1901, p. 415, §2, providing that the trustees shall annually present to the advisory boards complete reports of receipts and expenditures with vouchers therefor, such advisory boards must, in the making of such settlements, be held to know who the teachers of their townships were for the preceding year. p. 138.

6. FORGERY.—*Vouchers.—Schools.—Teachers.*—A receipt, purporting to have been executed by a school teacher, actually employed by the township, for salary received, is the subject of forgery. p. 139.

7. INDICTMENT AND INFORMATION.—*Forgery.—Receipts.—Teachers.—Schools.*—An indictment for the forgery of a school teacher's receipt for salary received, must show that such teacher had actually been employed to teach prior to the commission of the alleged forgery. p. 139.

From Decatur Circuit Court; *Marshall Hacker*, Judge.

Prosecution by the State of Indiana against Oliver P. Floyd. From a judgment for defendant, the State appeals. *Affirmed.*

*James Bingham,* Attorney-General, *Frank Hamilton, A. G. Cavins, E. M. White* and *H. M. Dowling,* for the State.

*Bennett & Davidson,* for appellee.

MONTGOMERY, J.—Appellee was charged by indictment with the crime of forgery. The indictment, omitting the formal parts, charges: ''That Oliver P. Floyd, on March 8, 1906, at said county and State aforesaid, was then and there the duly elected, qualified and acting trustee of Adams township, Indiana, and *ex officio* trustee of Adams school township, Decatur county, Indiana, and did then and there unlawfully, feloniously, falsely and fraudulently make, forge and counterfeit a certain receipt, purporting to have been made and executed by M. D. Syder to O. P. Floyd, as trustee of Adams township, Decatur county, Indiana, for the receipt of a sum of money, to wit, $75, by said M. D. Syder from said O. P. Floyd, as trustee, as aforesaid, which said false, forged and counterfeit receipt is of the following tenor, to wit:

'No. ——.         St. Paul, Indiana, March 8, 1905.
Received of O. P. Floyd, trustee Adams township, Decatur county, Indiana, the sum of $75. Which I solemnly swear or affirm is the exact sum received and for the identical articles as therein stated, and no part of said sum has been retained by, or returned to, or has been agreed directly or indirectly to be returned to, the trustee or any other person. Out of the tuition fund for teaching at Adams.
                                M. D. Syder.
Signed and sworn to before me this 8th day of March, 1905.
$75.                      O. P. Floyd, trustee.'

—with intent then and thereby feloniously, unlawfully, falsely and fraudulently to defraud Adams school township, Decatur county, Indiana.''

The court upon motion quashed the indictment and discharged appellee from custody, and this action is assigned as error.

"Forgery, at the common law, is the false making or material altering, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability." 2 Bishop, Crim. Law (8th ed.), §523. See also, 19 Cyc. Law and Proc., 1370.

The alleged spurious writing must be in fact, or appear upon its face to be, one which, if true, would possess legal validity and be capable of effecting a fraud. If the writing is manifestly void it cannot have the legal capacity of effecting a fraud, and cannot be the subject of forgery. An instrument which upon its face does not appear to have any legal validity, or show that another might be injured by it, is, however, the subject of forgery where extrinsic facts exist by which the holder of the paper might be enabled to defraud another. If the forged paper be such that without the existence of extrinsic facts its vicious character does not appear, the indictment must aver such facts as will disclose its capacity to deceive and defraud, and enable the court judicially to see its tendency. The writing which forms the basis of this indictment is of a public character, and its efficacy and legal capacity to deceive and defraud must be determined by the laws applicable to the subject-matter.

All contracts between teachers and school corporations are required to be in writing, upon uniform blanks, and, when executed, kept in a public record open at all times to inspection. §§6594, 6595 Burns 1908, Acts 1899, p. 173, §§1, 2. Every township trustee is required to present to the advisory board on Tuesday after the first Monday in January of each year a complete report of all receipts and expenditures for the preceding calendar year, and each item of expenditure must be accompanied by the verified receipt of the person to whom the sum evidenced thereby has been paid, stating particularly for what articles or service the payment has been made. §8085h Burns 1901,

Acts 1901, 415, §2. In view of these laws it is evident that a township advisory board is furnished the means of knowing, and must be held to know, who the teachers of its township were during the year preceding any annual settlement with the trustee. If a receipt for the expenditure of

6. tuition funds purports to have been signed by one of such teachers, it would plainly have the legal capacity to deceive the township advisory board and to defraud the school corporation, and would be the subject of forgery. If, on the contrary, a receipt offered as evidence of the expenditure of such fund were signed by the name of a fictitious person, or one known not to have been employed as a teacher in the township, it would be incapable of working an injury and of no validity, and the court cannot assume that the advisory board could be by such receipt deceived.

In the indictment under consideration no facts are averred showing that a person by the name of "M. D. Syder" had been under contract, in writing or otherwise, to teach,

7. or engaged in teaching, in Adams township prior to the commission of the alleged forgery. The court cannot know such extrinsic facts without averment, and, in the absence of such allegations, cannot say that the spurious receipt was likely to impose upon and deceive the advisory board to the prejudice of the school township. It must appear, as said before, on the face of the indictment, that the fabricated writing, either of itself or in connection with the extrinsic facts averred, is such that if genuine it would be valid in law to prejudice the rights of the person or body corporate therein named. *Reed* v. *State* (1867), 28 Ind. 396; *State* v. *Cook* (1876), 52 Ind. 574; *People* v. *Tomlinson* (1868), 35 Cal. 503; *Clarke* v. *State* (1858), 8 Ohio St. 630; *Henry* v. *State* (1878), 35 Ohio St. 128; *State* v. *Briggs* (1861), 34 Vt. 501; *State* v. *Dunn* (1893), 23 Ore. 562, 32 Pac. 621, 37 Am. St. 704; *Fomby* v. *State* (1888), 87 Ala. 36, 6 South. 271; *Terry* v. *Commonwealth* (1891), 87 Va. 672, 13 S. E. 104; *State* v. *Thorn* (1872), 66 N. C.

644; *King* v. *State* (1889), 27 Tex. App. 567, 11 S. W. 525, 11 Am. St. 203; *Caffey* v. *State* (1896), 36 Tex. Cr. 198, 36 S. W. 82, 61 Am. St. 841; *State* v. *Evans* (1895), 15 Mont. 539, 39 Pac. 850, 28 L. R. A. 127, 48 Am. St. 701.

The fund against which the receipt, if allowed, must be charged, being hedged about by the law as shown, it was necessary to the sufficiency of the indictment that the right of M. D. Syder to draw from such fund should be shown; and, for the want of such averment, the court correctly sustained appellee's motion to quash.

Other points have been argued in the briefs, but the conclusion already announced disposes of the case, and renders it unnecessary to consider any other questions.

The judgment is affirmed.